# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAX REED, II, | ) | 3:11-cv-00066-HDM-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | November 6, 2012 |
| | ) | |
| DEPUTY TRACY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the Court is Defendants' "Request for Discovery Order." (Doc. # 47.) Therein, Defendants state they have prepared their "disclosures, which include 980 pages of business records from the Washoe County Detention Facility as well as 3 CDs." (*Id*., at 2.) The 3 CDs are described as "3 audio CDs containing discovery to the Plaintiff Max Reed." (*Id*., at 1.) It is difficult to ascertain from Defendants' "request" whether the "900 pages of business records" were produced to Plaintiff in hard copy format or whether these records were solely copied onto the "3 audio CDs containing discovery."

The "Request for Discovery Order" states that "Washoe County requests an order from this court directing the Nevada State Prison to accept delivery of the 3 audio CDs and direct that he be given the tools to listen to these items" (*id.,* at 2; presumably all Defendants collectively are seeking this relief, although the final paragraph only references "Washoe County").

As discussed above, the court cannot ascertain exactly what is contained on the "3 audio CDs." The CDs are initially described as "containing discovery," possibly the 900 pages of business records. But at another point, Defendants state Plaintiff should be provided "tools" by the "Nevada State Prison" to "listen to these items," which suggests the CDs may not contain "business records" (which one would presumably not "listen to").

**MINUTES OF THE COURT**
3:11-cv-00066-HDM-WGC
Date:  November 6, 2012
Page 2

        In addition to the confusion surrounding the content of Defendants' motion, there is no indication Defendants or their counsel have any attempt to contact "Nevada State Prison," i.e., Nevada Department of Corrections (NDOC) to ascertain whether NDOC regulations allow an inmate to receive audio CDs, whether NDOC has "the tools to listen to these items" and if so, whether NDOC regulations will allow an inmate to "listen to" these CDs.  The court also notes Defendants did not serve NDOC (Nevada State Prison) or the Attorney General's Offices with their motion.

        Defendants' motion (Doc. # 47) is **DENIED** without prejudice.  Defendants may re-file their motion after they have discussed the relief sought in Defendants' motion with the Nevada Department of Corrections and/or the Office of the Attorney General and can confirm to the court that NDOC ("Nevada State Prison") can accommodate Defendants' request.


**IT IS SO ORDERED.**

                                LANCE S. WILSON, CLERK



                                By: _____/s/_____
                                         Deputy Clerk