UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAX REED, II | ) | 3:11-cv-00066-HDM-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | December 5, 2012 |
| | ) | |
| SHERIFF MICHAEL HALEY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u> Katie Lynn Ogden </u>  REPORTER:  <u>             FTR             </u>

COUNSEL FOR PLAINTIFF:  <u> Max Reed, II, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANT(S):  <u> Mary M. Kandaras                               </u>

SPECIAL APPEARANCE FOR DEFENDANT(S):  <u> Deputy District Attorney, Kara L. Krause</u>

<u>on behalf of Nevada Department of Corrections                                              </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

2:09:07 p.m. Court Convenes.

The court first addresses the *Amended Unopposed Motion for Discovery Order* (Dkt. #50). The court indicates that the request submitted by the defendants is seeking an order directing "the Warden of the Nevada State Prison in Carson City, Nevada to accept delivery of the 3 CD's (2 audio and 1 video of booking into the Detention Facility), and direct that Max Reed be given tools to review these items." The court informs defense counsel that the technical name of the entity that confines inmates is the Nevada Department of Corrections ("NDOC"). The court notes that the language referring to Nevada State Prison description in defendants' motion is inaccurate. Deputy Attorney General Kara Krause concurred in the court's analysis.

The court inquires as to the status of plaintiff's current residence. Mr. Reed states that he has recently been transferred to Ely State Prison ("ESP"). In light of this information, Ms. Krause explains that the entity to refer to in subsequent motions or proposed orders would be the NDOC and the institution ESP where Mr. Reed is currently housed.

MINUTES OF PROCEEDINGS
3:11-cv-00066-HDM-WGC
Date: December 5, 2012
Page 2

     The court turns to defendants' request that an order be issued to accomplish serving Mr. Reed the CDs and DVD. The court asks Ms. Krause to elaborate on the logistics of accomplishing the task of delivery to Mr. Reed. Ms. Krause explains that absent court order, the plaintiff would not be permitted to have the CDs or DVD in his possession for review. However, if the court deemed it appropriate that the plaintiff have these items in his possession, a court order would be an appropriate mechanism to use to accomplish serving plaintiff with discovery materials so that he may review them.

     The court inquires specifically how the plaintiff would be able to review the documents. Ms. Krause indicates that the facility Mr. Reed is residing would have to make special arrangements for plaintiff to review the video; however, Ms. Kruase is unsure of the exact mechanism it would entail to accomplish the task. Ms. Kruase notes that if plaintiff has a CD player in his room he may be permitted to listen to those audio recordings in his cell; otherwise, and again, special arrangements would need to be made in order for him to review the recordings. Ms. Kandaras indicates that she has spoken to the warden's assistant who has advised her that if a court order was prepared, the facility would comply with the court's directive to receive the defendants' discovery.

     Mr. Reed expresses his concern that a court order providing him the opportunity to review the CDs and DVD would not be sufficient. Mr. Reed indicates that he continues to have problems with standard institutional procedures such as kiting for services. Mr. Reed requests that, within the content of the court's order affording plaintiff opportunity to review the CDs and DVD, that the court specify when, how, and the allotted time for such a process to be undertaken.

     The court explains that is does not inject itself in the business of prison administration. The court advises plaintiff that should the court extend the deadline for dispsositive motions as requested by the defendants, plaintiff would have two (2) months to review the material which suggests sufficient time for the plaintiff to review the CDs and DVD. The court further states that should the plaintiff not be provided to opportunity to review the tapes, and the deadline to file any responses to the anticipated Motion for Summary becomes problematic, the defendant shall be afforded the opportunity to request an extension of time.

     After hearing the parties' respective positions, the court hereby **GRANTS** defendant's Amended Unopposed Motion for Discovery Order (Dkt. #50) to the extent counsel comply with the following directive from the court: (1) defense counsel shall coordinate with Ms. Krause and prepare a proposed order that indicates that the CDs and DVD will be delivered and retained by the Warden of ESP or an appropriate person under her direction; and (2) the proposed order should further indicate that Mr. Reed shall be provided reasonably sufficient time to listen and review the CDs and DVD. The court notes that because there is limited information as to the logistics of affording plaintiff the opportunity to review the CDs and DVD, it will be at the discretion of ESP officials to

**MINUTES OF PROCEEDINGS**
3:11-cv-00066-HDM-WGC
Date: December 5, 2012
Page 3

arrange for Mr. Reed to review the CDs and DVD. Should the plaintiff not receive reasonable sufficient time to review the material, plaintiff is directed to file a motion with the court so that a hearing can be scheduled to address the matter.

The court next addresses defendants' Motion for Extension of Time to File Motion for Summary Judgment (Dkt. #52). Good cause appearing, defendants Motion for Extension of Time to File Motion for Summary Judgment (Dkt. #52) is **GRANTED**. The filing for dispositive motions is hereby extended to **Tuesday, February 5, 2013**. The court further orders that discovery be reopened for plaintiff to conduct discovery. The new discovery deadline will be the same as the dispositive motion deadline, **Tuesday, February 5, 2013**.

**IT IS SO ORDERED.**

2:38 p.m. Court Adjourns.

                                                         LANCE S. WILSON, CLERK

                                                         By: _____/s/_____
                                                              Katie Lynn Ogden, Deputy Clerk