# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAX REED, II,  )   3:11-cv-00066-HDM-WGC
        Plaintiff,  )
    vs.  )   **ORDER**
DEPUTY TRACY, et al.,  )
        Defendants.  )

Before the court is Plaintiff's "Motion for Leave to Amend § 1983 Complaint" (Doc. # 78). Defendants have opposed the motion (Doc. # 79). No reply was filed.

Plaintiff's 98 page submission (Doc. # 78) fails to comply with the requirements of Local Rule 15-1(a) that a motion to amend a complaint must be accompanied by an amended complaint which is complete in and of itself without reference to any prior pleading. Plaintiff's motion is deficient in this regard. In fact, there is <u>no</u> proposed amended complaint to be found in Plaintiff's motion.[1]

In the court's March 8, 2013 order which denied Plaintiff's earlier motion to amend (Doc. # 75), Plaintiff was granted a fifteen day enlargement of time to file his motion amend to and including March 22, 2013. (Doc. # 76.) The order directed that Plaintiff's motion include a proposed amended complaint that was complete in itself (*see id*). However, Plaintiff failed to do so. Technically, the time for filing a motion for leave to amend has now passed.

---

[1] Plaintiff's motion appears to be a duplicate of his earlier submission entitled "Opposition to Motion for Summary Judgment and Motion for Leave to Amend § 1983 Complaint," which was docketed twice by the clerk's office as Docs. # 74 (Motion for Summary Judgment) and # 75 (Motion to Amend), with the exception that Plaintiff has crossed out the words "Opposition to Motion for Summary Judgment and" from the title of the document.

Nevertheless, the court will afford Plaintiff one **FINAL** opportunity to file an amended complaint. In addition to what instructions the court previously provided Plaintiff in its March 8 order and what is outlined above, if plaintiff elects to proceed in this action by filing an amended complaint, he is instructed that his motion must be accompanied by an amended complaint. Plaintiff should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The Local Rules require plaintiffs appearing in *pro se*, such as Plaintiff herein, to file all of their complaints and petitions on the court's approved forms. LSR 2-1 ("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). In that regard, in allowing Plaintiff to file an amended complaint, the court will provide Plaintiff a form complaint.[2]

---

[2] *See also* Information and Instructions for Filing a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Nevada:

> "The form provides three (3) pages for alleging three (3) counts. If you are alleging more than three counts, use the additional space on the last page, and if that is not enough, then attach an additional page for each additional count (so that there is only one count per page).... Remember, you are limited to a total of two (2) additional pages for Part B and C; if you have more than two (2) additional pages, you will also need to file a motion seeking permission from the court to file the complaint."

**IT IS THEREFORE ORDERED** that plaintiff shall have an extension of **thirty (30) days** from the date of this order to file his amended complaint in conformance with this order.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank form for filing a civil rights complaint as well as the Information and Instructions for Filing a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Nevada.

**IT IS SO ORDERED.**

DATED:   April 24, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE