UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MAX REED II,

        Plaintiff,

vs.

DEPUTY TRACY, et. al.

        Defendants.

3:11-cv-00066-HDM-WGC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Leave to Amend § 1983 Complaint. (Doc. # 81.)[1] Defendants have opposed the motion. (Doc. # 82.)

After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff Max Reed II, is an inmate in custody of the Nevada Department of Corrections (NDOC); however, the events giving rise to his complaint took place while he was a pretrial detainee at Washoe County Detention Facility (WCDF). (Pl.'s Compl. (Doc. # 4).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*. at 1.) The defendants named in the original complaint are Washoe County Sheriff Michael Haley, and Deputies Tracy, Jenkins, and Hamilton[2]. (*Id*.)

In Count I of the original complaint, Plaintiff alleges that Sheriff Haley has continuously

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the page numbers from the docketed version and not Defendants' original page numbers.

[2] Previously named as Doe Deputy # 1688. (*See* Doc. # 4.)

thwarted Plaintiff's attempts to gain access to law books, procedural rules, and Nevada statutes. (Doc. # 4 at 4.) He claims that he received a grievance response that stated WCDF does not have to provide him with "law library access." (*Id*. at 3.) He alleges that he is trying to prepare his *pro se* defense against criminal charges for murder and robbery. (*Id*. at 3-4.)

In Count II of the original complaint, Plaintiff alleges that defendants Hamilton and Tracy retaliated against him for grieving his lack of access to legal materials by searching his cell. (Doc. # 4 at 5.) He alleges that he could hear defendant Tracy throwing his legal paperwork around. (*Id*.) He claims that during the search, defendant Tracy dumped out his legal paperwork, ripped up legal papers, and floated them in the toilet. (*Id*.) At the conclusion of the search, Plaintiff claims that defendant Tracy told him to get a lawyer because he had a "stupid amount of legal work." (*Id*.) He asserts that as a result of the search, defendant Jenkins found him guilty of having a weapon in his cell; Plaintiff asserts he had no weapon. (*Id*. at 5-6.) He claims that defendant Jenkins denied him access to the courts by placing him in more restrictive confinement where he had even less access to legal materials. (*Id*.)

This is Plaintiff's third attempt to amend his complaint. His two previous motions for leave to amend were denied because Plaintiff failed to comply with Local Rule 15-1(a)'s requirement that Plaintiff include a copy of the proposed amended complaint so that it is complete in and of itself. (*See* Docs. # 75, # 76, # 78, # 80.) Plaintiff has now provided the court with a proposed amended complaint. (Doc. # 81-1), although his moving papers are an identical copy of his opposition to Defendants' motion for summary judgment. (*Compare* Doc. # 74 to Doc. # 81.) Plaintiff's proposed amended complaint includes the same allegations as were asserted against the original defendants, but lists several other constitutional amendments as the basis for the claims and appears to add a due process claim against Sheriff Haley in Count I. (Doc. # 81-1 at 1-4, 10, 12.) He also seeks to add two additional defendants who were employed by WCDF. (*Id*. at 1, 4.)

In addition, Plaintiff seeks to add several more defendants and claims. First, he includes Washoe Legal Services and staff attorney Marc Ashley and a claim against them for violation of his right of access to the courts. (*Id*. at 3-4, 10-11.) Next, Plaintiff seeks to add various officers and employees of the Nevada Department of Corrections (NDOC), including: Associate Warden Lisa Walsh; Caseworker

2

Shannon Moyle; Caseworker Rex Winkle; Caseworker Carmazzi; Associate Warden Adam Watson; Director of Offender Management Division James Cox; Offender Management Division employee Rex Reed; Offender Management Division employee Steve Suey; Housing Unit Lieutenant Hartman; and Housing Unit Sergeant Braun. (Doc. # 81-1 at 4-9.) Plaintiff's proposed amended complaint includes claims against these defendants in Count I for retaliation and denial of his right of access to the courts. (*Id*. at 11.) In Count II, he adds proposed claims against the NDOC defendants for violation of his due process rights and retaliation. (*Id*. at 12-13.)

Defendants oppose Plaintiff's motion, arguing: (1) the deadline to amend set forth in the scheduling order has passed and Plaintiff cannot show "good cause" to justify allowing the amendment; and (2) Plaintiff's proposed claims cannot survive the screening process. (Doc. # 82.)

## II. DISCUSSION

**A. Legal standard**

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Here, it appears Plaintiff seeks leave to amend under Rule 15(a)(2). In addition, "[w]hen the district court has filed a Rule 16 scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." *Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.*, 529 U.S. 1038 (2000); *see also Byrd v. Guess*, 137 F.3d 1126, 1131-32 (9th Cir. 1998) ("Once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, modifications are allowed only upon a showing of 'good cause'...And once a pretrial order has been entered pursuant to Rule 16(e) setting forth the parties and issues for trial, modifications are allowed 'only to prevent manifest injustice.'").

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment:

3

1  "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation;
2  or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)
3  (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would
4  be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir.
5  2011).

6  Moreover, the court is required to screen Plaintiff's claims and "identify cognizable claims or
7  dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or
8  fails to state a claim upon which relief maybe granted; or (2) seeks monetary relief from a defendant who
9  is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil
10 Procedure provides for dismissal of a complaint for failure to state a claim upon which relief may be
11 granted. Allegations of a pro se complainant are held to less stringent standards that formal pleadings
12 drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

13 Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain
14 statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The
15 Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to
16 relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*
17 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations,
18 but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550
19 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678. The Rule 8(a) notice pleading standard requires
20 the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."
21 *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial
22 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
23 inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation
24 omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*.
25 (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-
26 specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.
27 at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative
28

4

explanation[s]" for the facts alleged. *Id*. at 682.

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

**B. Plaintiff's motion for leave to amend should be denied**

**1. Timeliness and "good cause"**

The court entered an initial scheduling order on November 10, 2011. (Doc. # 26.) It provided that all pleadings joining additional parties were to be filed on or before January 10, 2011. (*Id*. at 1.) In addition, amendments to pleadings under Federal Rule of Civil Procedure 15 were ordered to comply with Local Rule 15-1 and were to be filed on or before January 10, 2011. (*Id*.) Any motion filed beyond the time limits fixed by the scheduling order is to be stricken, unless the court grants an excesption for "good cause" shown. (*Id*. at 2.)

The court subsequently permitted amendment of the scheduling order after Plaintiff filed a motion to reopen discovery, extending the discovery deadline to October 29, 2012. (*See* Docs. # 44, # 46.) Plaintiff did not seek, and the court did not order, a continuance of the scheduling order deadline to move for leave to amend the complaint. On December 5, 2012, the court again extended the discovery deadline to February 5, 2013, and extended the dispositive motion deadline to the same date. (Doc. # 60.) The parties did not request, nor did the court order, any corresponding extension of the scheduling order deadline to file a motion to amend a pleading. (*Id*.) Defendants filed their motion for summary judgment on February 5, 2013. (*Id*.) As noted above, Plaintiff first sought leave to amend when he filed his

1  opposition to Defendants' motion for summary judgment on March 6, 2013. (*See* Docs. # 74, # 75 which are identical documents, but docketed separately because of the relief sought.) The request was denied because Plaintiff did not attach a proposed amended complaint. (Doc. # 76.) Plaintiff filed a second request for leave to amend on March 25, 2013 (Doc. # 78), which was once again denied for failure to attach a proposed amended complaint (Doc. # 80). Plaintiff then filed the instant request for leave to amend, this time attaching a proposed amended complaint. (Docs. # 81, 81-1.)

Plaintiff has not addressed his failure to comply with the scheduling order deadline. Nor has he provided any explanation for the delay in seeking leave to amend. Finally, he was instructed in the scheduling order in November of 2011 that any amendment must comply with Local Rule 15-1 which requires attachment of a proposed amended complaint, yet his first two requests for leave to amend failed to follow this instruction. In sum, Plaintiff has not set forth "good cause" as to why amendment outside of the scheduling order deadline should be permitted. Nonetheless, the court will address the merits of Plaintiff's request for leave to amend.

**2. Amendment should be denied as to the proposed new due process claim against Sheriff Haley in Count I and the proposed new bases for the claims against Sheriff Haley in Count I**

In Count I of the proposed amended complaint, Plaintiff seeks to add a due process claim against defendant Haley, but does not provide a factual basis for this claim. (Doc. # 81-1 at 10.) Therefore, his request for leave to amend should be denied as he has not stated a claim upon which relief may be granted. Plaintiff has included no facts that plausibly suggest a viable due process claim can be maintained against Sheriff Haley; therefore, it does not appear this deficiency can be addressed by way of further amendment, and the request for leave to amend should be denied with prejudice. Plaintiff also lists the Fifth, Sixth, and Fourteenth Amendments as a basis for his claims in Count I. The court finds that he asserts no colorable claims under the Sixth Amendment; nor does he state a colorable due process claim under the Fourteenth Amendment as applied to the states through the Fifth Amendment. As a result of the failure to state a claim upon which relief may be granted under these amendments, Plaintiff's request for leave to amend in this respect should also be denied.

///

**3. Amendment should be denied as to the proposed new defendants from WCDF**

Plaintiff's proposed amended complaint also lists two additional defendants who are alleged to have worked at WCDF, Balaam and Sergeant Petering. (Doc. # 81-1 at 4.) Plaintiff does not provide any factual basis for including these additional defendants. Plaintiff has known about his claims against WCDF since the filing of this action in early 2011, but provides no basis for his failure to name these defendants earlier. Plaintiff also fails to include any factual allegations specific to these proposed defendants. In light of the failure to state a claim upon which relief may be granted, the court recommends that his request for leave to amend to add them be denied. Since Plaintiff knew about his claims against the Washoe County Defendants when he filed this action in early 2011, and does not provide any basis for not seeking to include these WCDF employees sooner, and because he includes absolutely *no* facts connecting these defendants to his original claims, the court recommends that the denial of leave to amend be with prejudice.

**4. Amendment should be denied as to the proposed addition of defendants Washoe Legal Services and Marc Ashley and the claims asserted against them**

Plaintiff adds an access to courts claim against Washoe Legal Services in Count I because they contracted with WCDF to provide legal services to its inmates. (Doc. # 81-1 at 10.) While it is not entirely clear from his proposed amended complaint, he states in his opposition to Defendants' motion for summary judgment (which he also re-filed along with his proposed amended complaint) that his claim against Washoe Legal Services is based on the fact that they provided him with a federal form for a petition for writ of habeas corpus when he wanted to file a petition for writ of habeas corpus in state court. (Doc. # 74 at 3, Doc. # 81 at 3.) Plaintiff concedes that the state court ultimately addressed the substance of his habeas claim despite it being written on the federal form, but states that this shows a pattern of Washoe Legal Services providing inadequate legal services. (Doc. # 74 at 3, 7, Doc. # 81 at 3.) In light of this admission, Plaintiff cannot satisfy the actual injury requirement required for an access to courts claim; therefore, Plaintiff's request for leave to amend to add a claim against Washoe Legal Services and Marc Ashley should be denied with prejudice as amendment would be futile.

///

7

**5. Plaintiff should not be given leave to amend to add the NDOC defendants and proposed claims against them in Count I**

Plaintiff seeks to add various officers and employees of the Nevada Department of Corrections (NDOC), including: Associate Warden Lisa Walsh; Caseworker Shannon Moyle; Caseworker Rex Winkle; Caseworker Carmazzi; Associate Warden Adam Watson; Director of Offender Management Division James Cox; Offender Management Division employee Rex Reed; Offender Management Division employee Steve Suey; Housing Unit Lieutenant Hartman; and Housing Unit Sergeant Braun. (Doc. # 81-1 at 4-9.)

Plaintiff then adds allegations in Count I that he requested and was transferred to NDOC to rectify the issue of access to legal materials, but was placed in administrative segregation for trying to exercise his rights. (Doc. # 81-1 at 11.) He asserts that he was denied access to the courts there because he had no physical access to the law library and was denied cases through the inmate page system. (*Id*.) He further asserts that he was denied use of the telephone for legal calls, and his legal materials were seized. (*Id*.)

The court interprets Plaintiff's proposed amendment as asserting several claims against the NDOC officials and employees in Count I, as follows: (1) retaliation related to his placement in administrative segregation for trying to access the courts; and (2) denial of access to courts related to: (a) having no physical access to the law library and the denial of access to cases because of the use of the paging system; (b) denial of use of the telephone for legal calls; and (c) seizure of his legal materials

The court finds that these allegations against the NDOC defendants are not sufficiently related to the facts that gave rise to the instant action so as to allow Plaintiff to amend to add them at this time in this action. To do so would prejudice the Washoe County defendants, who have been in this litigation since it was filed in early 2011, and who have filed a dispositive motion that is currently ripe for review. In addition, allowing Plaintiff leave to add these claims at this juncture would unduly delay this litigation. The court would have to screen these proposed additional claims, the NDOC defendants would have to be served and then could file appropriate motion(s) under Federal Rule of Civil Procedure 12. The court would have to amend and adjust the scheduling order to permit discovery relative to the

1  NDOC parties, and impose new discovery and dispositive motion deadlines. This is simply not palatable
2  in a case that has been pending against the original parties to the complaint since early 2011. Therefore,
3  Plaintiff's motion for leave to amend to add these defendants and claims should be denied. Plaintiff may
4  choose to bring these claims in a separate action, but is cautioned that an access to courts claim must
5  allege actual injury. In addition, Plaintiff should include specific factual allegations directed to each
6  defendant. Because Plaintiff may attempt to assert these claims in a separate action, the determination
7  is technically without prejudice.

**6. Plaintiff's request for leave to amend to add the NDOC Defendants and claims against them for due process and retaliation in Count II should be denied**

In Count II, Plaintiff again lists the constitutional amendments that provide a basis for his claims as including the First, Fifth, Sixth and Fourteenth Amendments regarding alleged due process, access to courts, redress of grievances and retaliation claims. (Doc. # 81-1 at 12.)

The proposed amended complaint, in Count II, Plaintiff re-alleges the facts against defendants Hamilton, Tracy and Jenkins. (Doc. # 81-1 at 12-13.) Count II also re-states his allegations against the NDOC defendants that they placed him in administrative segregation where his access to legal materials was several limited, but also asserts that he continually asked for a due process hearing to be reclassified, but his grievances for reclassification were "halted" by Lisa Walsh, who claimed Plaintiff was abusing the grievance process, but this had the effect of not allowing Plaintiff to exhaust his administrative remedies. (*Id*. at 13.) He further asserts that the NDOC defendants, generally, retaliated against him when he complained of retaliation. (*Id*.) Thus, Count II in the proposed amended complaint seeks to add a claim against the NDOC defendants for due process related to reclassification as well as a claim for retaliation.

As it found with respect to Count I, the court concludes these claims are not sufficiently factually related to the claims asserted in the instant action, and Plaintiff should be denied leave to amend. The court's rationale with respect to the prejudice to the Washoe County defendants and undue delay that would be caused by such an amendment applies equally here. Once again, the court points out that Plaintiff may attempt to assert these claims against the NDOC defendants in a separate action but is

cautioned that if he chooses to do so he should provide specific factual allegations as to the conduct he alleges to be constitutionally deficient with respect to each defendant, and not just general allegations directed to all NDOC defendants.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion for leave to amend (Doc. # 81), and specifically:

(1) Plaintiff's request for leave to amend to add a due process claim against defendant Haley in Count I should be **DENIED WITH PREJUDICE**;

(2) Plaintiff's request for leave to amend to add additional constitutional bases for his claims against defendant Haley in Count I should be **DENIED WITH PREJUDICE**;

(3) Plaintiff's request for leave to amend to add WCDF employees Balaam and Sergeant Petering as defendants should be **DENIED WITH PREJUDICE**;

(4) Plaintiff's request for leave to amend to add Washoe Legal Services and March Ashley as defendants and to assert claims against them in Count I should be **DENIED WITH PREJUDICE**;

(5) Plaintiff's request for leave to amend to add the NDOC defendants and claims asserted against them for retaliation and access to courts in Count I should be **DENIED,** and the denial should be **WITHOUT PREJUDICE** insofar as Plaintiff may try to assert these claims in a separate action;

(6) Plaintiff's request for leave to amend to add the NDOC defendants and claims asserted against them for retaliation and due process in Count II should be **DENIED,** and the denial should be **WITHOUT PREJUDICE** insofar as Plaintiff may try to assert these claims in a separate action.

///
///
///
///
///
///
///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 10, 2013.

*/s/ William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE