# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAX REED II, | ) | 3:11-cv-00066-HDM-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | July 24, 2013 |
| DEPUTY TRACY, et. al. | ) | |
| Defendants. | ) | |

PRESENT:    THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    KATIE OGDEN       REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Plaintiff has filed a motion requesting an order transferring him from Ely State Prison to either Warm Springs Correctional Center or Lovelock Correctional Center. (Doc. # 85.)

　　A prisoner does not have a right to be placed in a particular facility within the State's prison system. Nor is the court permitted to second-guess the prison's decisions regarding a prisoner's classification to a particular facility. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another."

　　To the extent Plaintiff's motion can be construed as a request for injunctive relief, while the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

MINUTES CONT'D
PAGE 2
3:11-cv-00066-HDM-WGC

      This action involves Plaintiff's allegations under the First Amendment that he was denied access to legal research materials while he was housed as a pre-trial detainee at the Washoe County Detention Facility as well as a claim of retaliation by deputies at the Washoe County Detention Facility for having filed grievances. This motion references Plaintiff's ability to access the law library facility at Ely State Prison. This is not part of the allegations of Plaintiff's complaint. Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Therefore, this motion is not properly before the court as a motion for injunctive relief.

      Accordingly, Plaintiff's motion (Doc. # 85) is **DENIED**.

    **IT IS SO ORDERED.**

                                    LANCE S. WILSON, CLERK

                                    By:  /s/_____
                                         Deputy Clerk