**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MAX REED, II, | ) | 3:11-cv-00066-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DEPUTY TRACY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (#84) filed on July 10, 2013, in which the magistrate judge recommends that this court enter an order denying the plaintiff's motion for leave to amend his complaint (#81). Plaintiff has filed an objection to the report and recommendation (#87). There was no response to the objection. The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby adopts and accepts in part and declines to adopt in part the

report and recommendation of the United States Magistrate Judge (#84).

The court notes at the outset that plaintiff Reed first sought leave to amend his complaint more than a year after the deadline set by the magistrate judge's Fed. R. Civ. P. 16(b) scheduling order (#26) for amendments to pleadings.  Had plaintiff Reed filed his motion for leave to amend in a timely manner, Fed. R. Civ. P. 15(a), which states that "[t]he court should freely give leave when justice so requires," would have applied.  Under Rule 15(a), the court weighs five factors in determining whether justice requires that leave to amend be granted: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'"  *In re W. States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

However, because plaintiff Reed's request for leave to amend falls outside the deadline set by the scheduling order, Fed. R. Civ. P. 16(b)(4) governs, and plaintiff Reed's request for leave to amend may be granted "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Moreover, "'[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.'"  *In re W. States*, 515 F.3d at 737 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  It is appropriate for the court to modify the pretrial schedule "'if it

2

1  cannot reasonably be met despite the diligence of the party seeking
2  the extension." *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P.
3  16 advisory committee's notes (1983 amendment)).  If the party
4  requesting leave to amend does show "good cause" under Rule 16(b),
5  it must then demonstrate that the amendment is also proper under
6  the Rule 15(a) standard. *See Johnson*, 975 F.2d at 608.  However,
7  "[w]hile a court may take into account any prejudice to the party
8  opposing modification of the scheduling order, 'the focus of the
9  [Rule 16(b)] inquiry is upon the moving party's reasons for seeking
10 modification . . . [i]f that party was not diligent, the inquiry
11 should end." *In re W. States*, 515 F.3d at 737 (quoting Johnson,
12 975 F.2d at 609).

13     The magistrate judge's recommendation states that the
14 plaintiff has not shown good cause as to why his request for leave
15 to amend outside of the scheduling order deadline should be
16 granted. (Report & Rec. at 6).  The court agrees with this
17 conclusion.  Nonetheless, like the magistrate judge, this court
18 considers and addresses the merits of the plaintiff's request for
19 leave to amend in reaching its decision. *Id.*

20     The court hereby declines to adopt the magistrate judge's
21 recommendation that the plaintiff's request for leave to amend to
22 add Washoe Legal Services and Mark Ashley as defendants and to
23 assert claims against them in Count I be denied with prejudice.
24 Instead, the plaintiff's request for leave to amend is denied
25 without prejudice to the plaintiff pursuing these claims in a
26 separate action should he elect to do so.

3

The court hereby adopts and accepts the magistrate judge's recommendations with regard to all of the plaintiff's other requests for leave to amend.

In accordance with the foregoing, plaintiff Reed's motion for leave to amend his complaint (#81) is hereby **DENIED**, and specifically:

(1) Plaintiff's request for leave to amend to add a due process claim against defendant Haley in Count I is hereby **DENIED WITH PREJUDICE**;

(2) Plaintiff's request for leave to amend to add additional constitutional bases for his claims against defendant Haley in Count I is hereby **DENIED WITH PREJUDICE**;

(3) Plaintiff's request for leave to amend to add WCDF employees Balaam and Sergeant Petering as defendants is hereby **DENIED WITH PREJUDICE**;

(4) Plaintiff's request for leave to amend to add Washoe Legal Services and Mark Ashley as defendants and to assert claims against them in Count I is hereby **DENIED WITHOUT PREJUDICE** insofar as plaintiff Reed may try to aset these claims in a separate action;

(5) Plaintiff's request for leave to amend to add the NDOC defendants and claims asserted against them for retaliation and access to courts in Count I is hereby **DENIED WITHOUT PREJUDICE** insofar as plaintiff Reed may try to assert these claims in a separate action; and

/
/
/
/

    (6) Plaintiff's request for leave to amend to add the NDOC defendants and claims asserted against them for retaliation and due process in Count II is hereby **DENIED WITHOUT PREJUDICE** insofar as plaintiff Reed may try to assert these claims in a separate action.

**IT IS SO ORDERED.**

DATED: This 11th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE

5