**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MAX REED, II, | ) | 3:11-cv-00066-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DEPUTY TRACY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (#83) filed on July 10, 2013, in which the magistrate judge recommends that this court enter an order granting in part and denying in part the defendants' motion for summary judgment (#70). Defendants have filed an objection to the report and recommendation (#88). There was no response to the objection. The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby adopts and accepts in part and declines to adopt in

part the report and recommendation of the United States Magistrate Judge (#84).

The court hereby adopts and accepts the magistrate judge's recommendation that summary judgment should be granted to defendant Haley on the claim in Count I that the plaintiff was denied access to courts in connection with the instant civil rights action and with his petitions for writ of habeas corpus.

The court declines to adopt the magistrate judge's recommendation that summary judgment be denied to defendant Haley on the claim in Count I that the plaintiff was denied access to courts while preparing a defense for his criminal case, CR10-1575. The magistrate judge states that "[d]efendant Haley does not raise . . . an argument that Plaintiff has not established actual injury with respect to his criminal action.  Nor does defendant Haley raise the defense of qualified immunity."  (Report & Rec. at 12). The magistrate judge notes that because these two issues are not raised by the defendants, the court will not consider or address them.

Qualified immunity is recognized as an affirmative defense that must be pled by the defendant. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). The defendant's motion for summary judgment does not raise the defense of qualified immunity at all.  The court agrees with the magistrate judge's conclusion that qualified immunity cannot be considered as a defense unless affirmatively and properly raised by the defendants, and so cannot be considered here.

2

However, actual injury is a required element of any access to courts claim. *See Lewis v. Casey*, 518.U.S. 343, 349; *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1990). While the defendants do not raise the issue of actual injury in the labeled section of their motion for summary judgment discussing the access to courts claim as it pertains to the plaintiff's defense in his criminal case (*see* Def. Mot. Summ. J at 10-13), defendants do raise the issue in the labeled sections of their motion discussing the access to courts claim as it pertains to the instant civil rights case (*see id.* at 13-14) and the plaintiff's filing of petitions for writ of habeas corpus (*see id.* at 14). Moreover, the defendants' discussion makes clear that the requirement that prisoners show actual injury applies to all access to courts claims, irrespective of whether those claims arise in the context of civil or criminal matters. (*See id.*).

Of course, as the party seeking summary judgment, the defendants "bea[r] the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). While the defendants should have been more clear that the actual injury requirement applies to and is an issue with regard to plaintiff Reed's claim of denial of access to courts while preparing his criminal defense, the defendants do still raise the requirement and point out that plaintiff Reed has failed to meet the burden of showing injury with regard to various

3

1 claims.  In doing so, the defendants have made a "'showing'-that
2 is, point[ed] out to the district court-that there is an absence of
3 evidence to support the nonmoving party's case" with regard to the
4 actual injury requirement.  *Id.* at 325.   Because the defendants
5 have satisfied this initial burden, the burden shifts to the
6 opposing party to "set forth specific facts showing that there is a
7 genuine issue for trial."  *Matsushita Elec. Indus Co. v. Zenith*
8 *Radio Corp.*, 475 U.S. 574, 586 n.11 (quoting Fed. R. Civ. P.
9 56(e)).

10    Plaintiff Reed has not met his burden of showing a genuine
11 issue for trial with regard to his access to courts claim as it
12 pertains to his criminal defense, because he has not shown actual
13 injury.  In his complaint (#4) and in his opposition to the
14 defendants' motion for summary judgment (#74), he makes a litany of
15 allegations regarding his alleged denial of the right to access
16 courts.  He states, for example, that appointed standby counsel
17 "provide[d] no assistance whatsoever" (Pls. Opp'n. Def. Mot. Summ.
18 J. at 6), that Washoe County correctional staff "obstructed his
19 ability to obtain adequate assistance from other inmates" (*id.* at
20 6), that he was not given enough time to review media discovery
21 (*id.* at 7), and that Washoe County correctional staff "continuously
22 thwarted all of [his] attempts for the necessary access to 'law
23 books' [sic] and or [sic] court procedure" (Compl. at 4).  However,
24 to meet the actual injury requirement, plaintiff Reed must show
25 "actual prejudice with respect to contemplated or existing
26 litigation, such as an inability to meet a filing deadline or to
27 present an actual claim."  *Lewis*, 518 U.S. at 348 (citation
28 omitted).  In fact, "'failure to show that a non-frivolous legal

4

claim has been frustrated' is fatal to a [denial of access to courts] claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 n.4).

Nowhere in the record does plaintiff Reed allege an actual, specific injury with respect to his criminal defense. He has presented no evidence that the outcome of his case, CR10-1575, was affected in any way by his alleged denial of access, and no evidence that any specific legal claim was frustrated by any of the defendants. Even viewing the evidence, as required, "'in the light most favorable to the party opposing the motion,'" plaintiff Reed has failed to show that there is a genuine issue of material fact with regard to whether he suffered actual injury as a result of being denied access to courts while preparing his criminal defense. *Matsushita*, 475 U.S. at 574 (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)).

As discussed above, actual injury is an essential element of any access to courts claim; it relates to the plaintiff's standing to assert the claim, and is a jurisdictional requirement that may not be waived. *See Lewis*, 518 U.S. at 349 n.1. Because plaintiff Reed has "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," Fed. R. Civ. P. 56(c) requires the entry of summary judgment. *Celotex*, 477 U.S. at 322. There is no genuine issue of material fact, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Accordingly, the court hereby grants summary judgment to defendant Haley on the access to courts claim in Count I insofar as

5

it is predicated on the plaintiff suffering actual injury in connection with the defense of his criminal action.

The court also declines to adopt the magistrate judge's recommendation that summary judgment should be wholly denied to defendants Tracy, Jenkins and Hamilton on the retaliation claim in Count II. The defendants argue that plaintiff Reed's retaliation claims are barred by *Heck v. Humprey*, 512 U.S. 411 (1983). (Def. Mot. Summ. J. at 16-18). The defendants note that, due to a weapon being found in the plaintiff's cell during the allegedly retaliatory search, the plaintiff was charged in CR11-0026 with the crime of possession of a dangerous weapon by a prisoner, a violation of NRS 212.185. (*Id.* at 17). Plaintiff Reed was then convicted under that statute by a jury, and his conviction was later affirmed by the Supreme Court of Nevada. *Id.*; *see also* Def. Mot. Summ. J. Ex. 8 (order granting judgment on verdict in CR11-0026); Def. Mot. Summ. J. Ex. 15 (Nevada Supreme Court order of affirmance affirming plaintiff Reed's conviction in CR11-0026). The Defendants argue that "allow[ing] Reed's retaliation claim in Count 2 to proceed" would be in violation of *Heck* because it "would necessarily raise a question as to the validity of [the plaintiff's] conviction of possession of a dangerous weapon by a prisoner." (Def. Mot. Summ. J. at 18).

*Heck* holds that "when a state prisoner seeks damages in a 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Thus, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which

6

section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). However, if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* "In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 487 n.6).

In determining whether plaintiff Reed's retaliation claim is barred in part or in full by Heck, the necessary inquiry is therefore whether a court can rule in the plaintiff's favor on his claim "only by negating 'an element of the offense of which he has been convicted." *Id.* Under NRS 212.185, the statute plaintiff Reed was convicted under following the search, "[a] person who is incarcerated in the state prison or any county or city jail or detention facility or other correctional facility in this State . . . and who possesses or has in his or her custody or control any" of a number of listed weapons, but also any "other similar weapon, instrument or device, is guilty of a category B felony." Based on this language, the elements of this crime are that a person who is (1) incarcerated (2) possesses or has in his or her custody or control (3) a weapon. Importantly, Nevada case law has treated NRS 212.185 to also include knowledge as an element. *See, e.g.*, *Fore v. State*, 118 Nev. 330, 331 (Nev. 2002) ("According to the charges in the information to which Fore ultimately pleaded guilty, he knowingly was in possession and/or control of a piece of sharpened

7

1  wire approximately six inches in length. We conclude that based on
2  the plain language of the statute, Fore's possession of this
3  implement is punishable under Nevada law."); *Lewis v. State*, No.
4  50135, 2009 WL 1470414 at *2 (Nev. Mar. 4, 2009) ("We conclude that
5  a rational juror could infer from the testimony presented at trial
6  that Lewis had constructive possession and knowledge of the shank
7  that was found in his footlocker.").

8  There are four components to plaintiff Reed's retaliation
9  claim.  The first component is that the search itself, which was
10 allegedly "order[ed]" by defendant Hamilton and conducted by
11 defendant Tracy, was retaliation for the plaintiff's grievance
12 filings. (*See* Compl. at 5).  The second component is that
13 Defendants Haley and/or Hamilton planted a weapon in the
14 plaintiff's cell or claimed that the plaintiff had a weapon in his
15 cell when he did not, also as retaliation.  (*See* Compl. at 5).  The
16 third component is that defendant Jenkins found the plaintiff
17 guilty of weapon possession, also as retaliation.  (*See* Compl. at
18 5.)  The fourth component is that defendant Jenkins placed the
19 plaintiff in administrative segregation as retaliation following
20 the finding that plaintiff Reed was guilty of weapon possession.
21 (*See* Compl. at 6).

22 Given the elements of NRS 212.185, the court agrees that
23 judgment as to the first component of the plaintiff's retaliation
24 claim, that the search itself was an act of retaliation by
25 defendants Haley and/or Hamilton, is not barred by *Heck*.  No
26 elements of the offense must be negated in order for the plaintiff
27 to succeed on this component.  The court hereby denies summary
28

judgment to defendants Haley and Hamilton as to this component of the plaintiff's retaliation claim.

However, the court finds that judgment as to the second, third, and fourth components of plaintiff Reed's retaliation claim is barred by *Heck*, and so the court hereby grants the defendants summary judgment as to these components of the plaintiff's retaliation claim.  As to the second component, the plaintiff could only succeed on his claim that the weapon was planted or fabricated by defendants Haley and/or Hamilton by showing that the plaintiff was unaware of the weapon and did not himself place it in his cell, but instead was "framed" by defendants Haley and/or Hamilton.  This showing would negate at least one of the elements of the offense, the plaintiff's knowledge of the weapon.  Similarly, for the plaintiff to succeed on the third component, his claim that Defendant Jenkins found him guilty of the offense as retaliation, the plaintiff would have to show that defendant Jenkins found him guilty not because he actually believed that plaintiff Reed possessed the weapon, but rather to retaliate against plaintiff Reed by "framing" him for weapon possession, knowing that plaintiff Reed did not in fact possess the weapon.  Again, this requires a showing that the plaintiff had no knowledge of the weapon, which negates an element of the offense.  Finally, to succeed on the fourth component, that defendant Jenkins placed the plaintiff in administrative segregation as retaliation, Plaintiff Reed would have to show that defendant Jenkins moved him into administrative segregation for the purpose of retaliating against him, rather than as a legitimate penological response to his weapon possession. This once again requires a showing that defendant Jenkins was

involved in a scheme to "frame" the plaintiff, which again can only be shown by negating the plaintiff's knowledge of the weapon, an element of the offense.

In accordance with the foregoing, the defendants' motion for summary judgment (#70) is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

(1) summary judgment is **GRANTED** to defendant Haley on the access to courts claim in Count I in its entirety;

(2) summary judgment is **DENIED** to defendants Tracy and Hamilton on the retaliation claim in Count II, insofar as it is predicated on the plaintiff's claim that the actual search was a retaliatory measure;

(3) summary judgment is **GRANTED** to defendants Haley and Hamilton on the retaliation claim in Count II, insofar as it is predicated on the plaintiff's claim that the weapon found during the search was planted or fabricated by the defendants as a retaliatory measure;

(4) summary judgment is **GRANTED** to defendant Jenkins on the retaliation claim in Count II, insofar as it is predicated on the plaintiff's claim that the defendant found the plaintiff guilty of weapon possession as a retaliatory measure; and

/
/
/
/
/
/
/

(5) summary judgment is **GRANTED** to defendant Jenkins on the retaliation claim in Count II, insofar as it is predicated on the plaintiff's claim that the defendant moved the plaintiff into administrative segregation as a retaliatory measure.

**IT IS SO ORDERED.**

DATED: This 13th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE